REXFORD C. KOSACK
GLENN A. JEWELL
LAW OFFICES OF REXFORD C. KOSACK
Bank of Hawaii Bldg., Third Floor
P.O. Box 410
Saipan, MP 96950
Telephone: (670) 322-8800

FILED
Clerk
District Court

AUG 1 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorneys for Defendant Neo Fashion Inc.

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| XIANG HUA LI; | Civil Action No. 05-0016 |
| Plaintiff, | |
| v. | |
| NEO FASHION INC., MS. CHEN and JANE DOE; | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendants. | |

Defendant Neo Fashion Inc. ("Neo Fashion") hereby answers plaintiff's Complaint in the above-entitled action as follows:

1. Answering paragraphs 1 and 2 of the Complaint, Neo Fashion states that such paragraphs fail to state any well-pleaded facts and, instead, merely state legal conclusions requiring no response. If, however, it is determined that a response is required, Neo Fashion denies the allegations contained in those paragraphs, except admits that this Court has federal question jurisdiction.

2. Answering paragraph 3 of the Complaint, Neo Fashion admits that venue is properly placed in this Court as to plaintiff's federal claim, but denies the remaining allegations contained therein.

3. Answering paragraph 4 of the Complaint, Neo Fashion lacks sufficient information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations contained therein.

4. Answering paragraph 5 of the Complaint, Neo Fashion admits it is lawfully incorporated in the CNMI, but denies the other allegations contained therein.

5. Answering paragraphs 6 and 7 of the Complaint, Neo Fashion lacks sufficient information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations contained therein.

6. The complaint contains two paragraphs numbered 8. Answering the first paragraph number 8 of the Complaint, Neo Fashion admits that plaintiff began working for it on August 22, 2002, as a sewer, and that her Temporary Work Authorization expired in March 2003, but denies the remaining allegations contained therein.

Answering the second paragraph number 8 of the Complaint, Neo Fashion admits that plaintiff received an EEOC Charge Number of 378-2003-00468, but lacks sufficient information to form a belief of the truth of the remaining allegations contained therein and, therefore, denies those allegations.

7. Answering paragraph 9 of the Complaint, Neo Fashion adopts and incorporates by this reference its responses to Complaint paragraphs 1 through 8 as set forth above.

8. Answering paragraph 10 of the Complaint, Neo Fashion admits that it was formerly an employer within the meaning of 42 U.S.C. § 2000e(b), but lacks sufficient information to form a belief of the truth of the remaining allegations contained therein and, therefore, denies those allegations.

9. Answering paragraph 11 of the Complaint, Neo Fashion lacks sufficient information to form a belief as to the truth of the matters asserted and, therefore, denies the allegations contained therein.

10. Answering paragraph 12 of the Complaint, Neo Fashion admits that it was formerly engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b), but lacks sufficient information to form a belief of the truth of the remaining allegations contained therein and, therefore, denies those allegations.

11. Answering paragraph 13 of the Complaint, Neo Fashion admits that plaintiff was formerly an employee of Neo Fashion within the meaning of 42 U.S.C. § 2000e(f), but lacks sufficient information to form a belief of the truth of the remaining allegations contained therein and, therefore, denies those allegations.

12. Answering paragraph 14 of the Complaint, Neo Fashion states that such paragraph fails to state any well-pleaded facts and, instead, merely states legal conclusions requiring no response. If, however, it is determined that a response is required, Neo Fashion denies the allegations contained in that paragraph.

13. Answering paragraphs 15, 16, 17, and 18 of the Complaint, Neo Fashion denies the allegations contained therein.

14. Answering all paragraphs of the Prayer of the Complaint, Neo Fashion states that such paragraphs fail to state any well-pleaded facts and, instead, merely state legal conclusions requiring no response. If, however, it is determined that a response is required, Neo Fashion denies the allegations contained in those paragraphs.

15. Neo Fashion denies all allegations of the Complaint not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

As defenses to all of the causes of action of the Complaint, Neo Fashion alleges the following:

1. <u>Failure to State a Claim</u>.  The allegations contained in the Complaint fail to state a claim upon which relief can be granted.

2. <u>Period of Limitations</u>.  Each cause of action in the Complaint is barred, in whole or in part, by the applicable period of limitations.

3. <u>Waiver</u>.  The Complaint is subject to dismissal as plaintiff has waived her claims.

4. <u>Estoppel.</u>  Plaintiff's claims are barred by the doctrine of estoppel.

5. <u>Collateral Estoppel and Res Judicata</u>.  Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata as a result of administrative determinations which she sought and received.

6. <u>Mitigation of Damages</u>.  Plaintiff failed to take all reasonable steps to mitigate her damages and, consequently, is not entitled to any damages above and beyond the amount which would have accrued had she mitigated.

7. <u>Workers' Compensation</u>.  Plaintiff's recovery, in whole or in part, is barred as the CNMI workers' compensation laws provide the exclusive remedy for the claims made.

8. Neo Fashion reserves the right to assert additional affirmative defenses as discovery continues.

WHEREFORE, Neo Fashion prays that:

1. Plaintiff take nothing by the Complaint.

2. Neo Fashion be awarded costs of suit and attorneys' fees incurred herein.

3. For such other and further relief as the Court may deem just and proper.

DATED: August 15, 2005.

                                                 _____
                                                 REXFORD C. KOSACK
                                                 GLENN A. JEWELL
                                                 Attorneys for Neo Fashion